# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVARTIS PHARMACEUTICALS
CORPORATION,

       *Plaintiff,*

       v.

SUN PHARMACEUTICAL INDUSTRIES
LTD., SUN PHARMACEUTICAL
INDUSTRIES, INC., and SUN PHARMA
GLOBAL FZE,

       *Defendants.*

Civil Action No. _____

## COMPLAINT

Plaintiff Novartis Pharmaceuticals Corporation (herein, "Novartis") files this Complaint for patent infringement against Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc. and Sun Pharma Global FZE (collectively, "Sun"), and by its attorneys, hereby alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of Sun's submission of an Abbreviated New Drug New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of XIIDRA® (lifitegrast ophthalmic solution) 5% prior to the expiration of U.S. Patent No. 11,058,677 ("the '677 patent"); U.S. Patent No. 8,927,574 ("the '574 patent"); U.S. Patent No. 9,353,088 ("the '088

1

patent"); U.S. Patent No. 9,890,141 ("the '141 patent"); and U.S. Patent No. 9,085,553 ("the '553 patent"). These patents are referred to collectively herein as the "Patents-in-Suit."

2.    Sun Pharmaceutical Industries Ltd. notified Novartis by letter dated September 16, 2020 ("Sun's First Notice Letter") that it had submitted to the FDA ANDA No. 215126 ("Sun's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of lifitegrast ophthalmic solution 5% ("Sun's ANDA Product") prior to the expiration of the '574 patent, the '088 patent, the '141 patent, and the '553 patent. By letter dated October 11, 2021, Sun provided Novartis with a second notice letter ("Sun's Second Notice Letter") informing Novartis that it was also seeking approval of its ANDA Product prior to the expiration of the '677 patent. Collectively, these notice letters are referred to herein as the "Sun's Notice Letters."

## PARTIES

3.    Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 Health Plaza, East Hanover, NJ 07936. Novartis Pharmaceuticals Corporation is the holder of New Drug Application ("NDA") No. 208073 for the manufacture and sale of lifitegrast ophthalmic solution 5%, which has been approved by the FDA.

4.    On information and belief, defendant Sun Pharmaceutical Industries Ltd. is a company organized and existing under the laws of the Republic of India with a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai 400063, India. On information and belief, Sun Pharmaceutical Industries Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Sun Pharmaceutical Industries, Inc.

2

5.      On information and belief, defendant Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2 Independence Way, Princeton, New Jersey 08540. On information and belief, Sun Pharmaceutical Industries, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

6.      On information and belief, defendant Sun Pharma Global FZE is a corporation organized and existing under the laws of the United Arab Emirates, with places of business at Office #43, Block Y, SAIF Zone, P.O. Box No. 122304, Sharjah, United Arab Emirates, and DMCC Branch, 704 Jumeriah Business Center 1, Cluster G, JLT, P.O. Box No. 643561, Dubai, United Arab Emirates. On information and belief, Sun Pharma Global FZE is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

7.      On information and belief, Sun Pharmaceutical Industries, Inc. and Sun Pharma Global FZE are wholly owned subsidiaries of Sun Pharmaceutical Industries Ltd. and are controlled and/or dominated by Sun Pharmaceutical Industries Ltd.

8.      On information and belief, Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc., and Sun Pharma Global FZE acted in concert to prepare and submit Sun's ANDA to the FDA.

## JURISDICTION AND VENUE

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

3

10.     This Court has personal jurisdiction over each Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc., and Sun Pharma Global FZE.

11.     Sun Pharmaceutical Industries Ltd. is subject to personal jurisdiction in Delaware because, among other things, Sun Pharmaceutical Industries Ltd., itself and through its wholly-owned subsidiaries Sun Pharmaceutical Industries, Inc. and Sun Pharma Global FZE, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Sun Pharmaceutical Industries Ltd., itself and through its wholly-owned subsidiaries Sun Pharmaceutical Industries, Inc. and Sun Pharma Global FZE, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware, and/or has engaged in systemic and continuous business contacts within the State of Delaware.  In addition, Sun Pharmaceutical Industries Ltd. is subject to personal jurisdiction in Delaware because, on information and belief, it controls Sun Pharmaceutical Industries, Inc. and Sun Global Pharma FZE, and therefore the activities of Sun Pharmaceutical Industries, Inc. and Sun Global Pharma FZE in this jurisdiction are attributed to Sun Pharmaceutical Industries Ltd.

12.     Sun Pharmaceutical Industries, Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.  It therefore has consented to general jurisdiction in Delaware.  In

4

addition, on information and belief, Sun Pharmaceutical Industries, Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Novartis's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

13. Sun Pharma Global FZE is subject to personal jurisdiction in Delaware because, among other things, Sun Pharma Global FZE has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Sun Pharma Global FZE develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

14. On information and belief, Sun knows and intends that following any approval of Sun's ANDA No. 215126, Sun will manufacture and import into the United States Sun's ANDA Product and directly or indirectly market, sell, and distribute Sun's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of ANDA No. 215126, Sun knows and intends that Sun's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware. On information and belief, following any FDA approval of Sun's ANDA No. 215126, Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc., and Sun Pharma Global FZE will act in concert to distribute and sell Sun's ANDA Product throughout the United States, including within Delaware.

5

ME1 38264901v.1

15. On information and belief, Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc., and Sun Pharma Global FZE are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Sun's ANDA Product at issue. On information and belief, Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc., and Sun Pharma Global FZE together participated in, assisted, and cooperated in the acts complained of herein.

16. Sun has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

17. On information and belief, Sun, with knowledge of the Hatch-Waxman Act process, directed Sun's Notice Letters to, *inter alia*, Novartis Pharmaceuticals Corporation, an entity incorporated in Delaware, and alleged in Sun's Notice Letters that all of the Patents-in-Suit are invalid and/or not infringed. On information and belief, Sun knowingly and deliberately challenged Novartis's patent rights, and knew when it did so that it was triggering the forty-five-day period for Novartis to bring an action for patent infringement under the Hatch-Waxman Act.

18. Because Novartis Pharmaceuticals Corporation is incorporated in Delaware, Novartis suffers injury and consequences from Sun's filing of Sun's ANDA, challenging

6

ME1 38264901v.1

Novartis's patent rights in Delaware.  On information and belief, Sun knew that it was deliberately challenging the patent rights of a Delaware entity and seeking to invalidate intellectual property held in Delaware.  Sun has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending Sun's Notice Letters to Novartis Pharmaceuticals Corporation, a Delaware corporation, that it would be sued in Delaware for patent infringement.

19.    In addition, this Court has personal jurisdiction over Sun because Sun Pharmaceutical Industries Ltd., Sun Pharmaceutical Industries, Inc, and Sun Pharma Global FZE regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court.  *See, e.g.*, Sun's Answer at ¶ 16, *Pfizer Inc., et al. v. Sun Pharmaceutical Industries, Ltd. and Sun Pharmaceutical Industries Inc.*, Case No. 21-285-CFC (D. Del. Mar. 33, 2021) (stating Sun did not contest personal jurisdiction for purposes of that specific action); Sun's Answer at 10–11, *Galderma Labs. L.P., et al. v. Sun Pharmaceutical Industries Ltd. et al.*, Case No. 18-1588-LPS (D. Del. Jan. 31, 2019) (asserting counterclaims); Complaint at 10–12, *Sun Pharma Global FZE and Sun Pharmaceutical Industries, Ltd. v. Teva Pharmaceuticals USA, Inc. et al*, Case No. 18-1552-RGA (D. Del. Oct. 9, 2018) (asserting claims); Sun's Answer at ¶ 12, *Pfizer Inc., et al. v. Micro Labs USA Inc., et al.,* Case No. 17-158-LPS (D. Del. July 11, 2018) (stating Sun did not contest personal jurisdiction for purposes of that specific action).

20.    On information and belief, if Sun's ANDA is approved, Sun will directly or indirectly manufacture, market, sell, and/or distribute Sun's ANDA Product within the United

7

States, including in Delaware, consistent with Sun's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Sun regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Sun's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Sun's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Novartis's patents in the event that Sun's ANDA Product is approved before the patents expire.

21.    On information and belief, Sun derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Sun and/or for which Sun is the named applicant on approved ANDAs. On information and belief, various products for which Sun is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

22.    Alternatively, if Sun Pharmaceutical Industries Ltd.'s and/or Sun Pharma Global FZE's connections with Delaware, including their connections with Sun Pharmaceutical Industries, Inc., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Sun Pharmaceutical Industries Ltd. and/or Sun Pharma Global FZE are not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Sun Pharmaceutical Industries Ltd. and/or Sun Pharma Global FZE in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

8

ME1 38264901v.1

## VENUE

23.      Venue is proper in this district as to Sun Pharmaceutical Industries, Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Pharmaceutical Industries, Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

24.      Venue is proper in this district as to Sun Pharmaceutical Industries Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

25.      Venue is proper in this district as to Sun Pharma Global FZE pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Pharma Global FZE is a corporation organized and existing under the laws of the United Arab Emirates and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

26.      XIIDRA®, which contains lifitegrast, is an ophthalmic solution indicated for the signs and symptoms of dry eye disease.

27.      On information and belief, Sun's ANDA Product is a generic version of Novartis's XIIDRA®.

28.      On information and belief, Sun's ANDA Product is not publicly available, nor is ANDA No. 215126 accessible to the public.

9

29.     In Sun's Notice Letters, Sun included an Offer of Confidential Access to portions of ANDA No. 215126.  The offer, however, was subject to various unreasonably restrictive conditions.

30.     Counsel for Plaintiff exchanged correspondence with counsel for Sun after receipt of Sun's First Notice Letter attempting to negotiate access to Sun's ANDA and other materials based on reasonable confidentiality terms.  The parties were unable to reach an agreement.

31.     Plaintiff is filing this Complaint within forty-five days of receipt of Sun's Second Notice Letter.

## COUNT I – INFRINGEMENT OF THE '574 PATENT

32.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

33.     The '574 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit A), was duly and legally issued on January 6, 2015.

34.     Novartis Pharmaceuticals Corporation is the owner and assignee of the '574 patent.

35.     The '574 patent claims, *inter alia,* a composition comprising an isolated compound of Formula I with the structure recited in claim 1, or a salt thereof, wherein said compound is synthesized according to a method comprising the steps recited in claim 1 of the '574 patent.

36.     XIIDRA® is covered by one or more claims of the '574 patent, including claim 1 of the '574 patent, and the '574 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

37.     In Sun's First Notice Letter, Sun notified Novartis of the submission of Sun's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to

10

engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Sun's ANDA Product prior to the expiration of the '574 patent.

38. In Sun's First Notice Letter, Sun also notified Novartis that, as part of its ANDA, Sun had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '574 patent.  On information and belief, Sun submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '574 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product.

39. On information and belief, Sun's ANDA Product and the use of Sun's ANDA Product are covered by at least claim 1 of the '574 patent.

40. According to Sun's Notice Letters, Sun's ANDA Product is an ophthalmic solution.

41. According to Sun's Notice Letters, Sun's ANDA Product contains lifitegrast.

42. On information and belief, the lifitegrast in Sun's ANDA Product is synthesized according to the steps recited in claim 1 of the '574 patent.

43. On information and belief, Sun's submission of Sun's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product before the expiration of the '574 patent was an act of infringement of the '574 patent under 35 U.S.C. § 271(e)(2)(A).

44. On information and belief, Sun will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sun's ANDA Product immediately and imminently upon approval of its ANDA.

11

45.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '574 patent, including, *inter alia*, claim 1 of the '574 patent.

46.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '574 patent, including, *inter alia,* claim 1 of the '574 patent.

47.    On information and belief, Sun plans and intends to, and will, actively induce infringement of the '574 patent when Sun's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Sun's activities will be done with knowledge of the '574 patent and specific intent to infringe that patent.

48.    On information and belief, Sun knows that Sun's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '574 patent, that Sun's ANDA Product is not a staple article or commodity of commerce, and that Sun's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Sun plans and intends to, and will, contribute to infringement of the '574 patent immediately and imminently upon approval of Sun's ANDA.

49.    Notwithstanding Sun's knowledge of the claims of the '574 patent, Sun has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sun's ANDA Product with its product labeling following FDA approval of Sun's ANDA prior to the expiration of the '574 patent.

ME1 38264901v.1

50.     The foregoing actions by Sun constitute and/or will constitute infringement of the '574 patent; active inducement of infringement of the '574 patent; and contribution to the infringement by others of the '574 patent.

51.     Novartis will be substantially and irreparably damaged by infringement of the '574 patent.

52.     Unless Sun is enjoined from infringing the '574 patent and/or actively inducing infringement of the '574 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '574 PATENT

53.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

54.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Sun on the other regarding Sun's infringement, active inducement of infringement, and contribution to the infringement by others of the '574 patent.

55.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product with its proposed labeling, or any other Sun drug product that is covered by or whose use is covered by the '574 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '574 patent.

## COUNT III – INFRINGEMENT OF THE '088 PATENT

56.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

57.     The '088 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit B), was duly and legally issued on May 31, 2016.

ME1 38264901v.1

58.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '088 patent.

59.    The '088 patent claims, *inter alia,* a composition comprising an isolated compound of Formula I with the structure recited in claim 1 wherein said compound is synthesized according to a method comprising the steps recited in claim 1 of the '088 patent.

60.    XIIDRA® is covered by one or more claims of the '088 patent, including claim 1 of the '088 patent, and the '088 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

61.    In Sun's First Notice Letter, Sun notified Novartis of the submission of Sun's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Sun's ANDA Product prior to the expiration of the '088 patent.

62.    In Sun's First Notice Letter, Sun also notified Novartis that, as part of its ANDA, Sun had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '088 patent.  On information and belief, Sun submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '088 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product.

63.    On information and belief, Sun's ANDA Product and the use of Sun's ANDA Product are covered by at least claim 1 of the '088 patent.

64.    According to Sun's Notice Letters, Sun's ANDA Product is an ophthalmic solution.

65.    According to Sun's Notice Letters, Sun's ANDA Product contains lifitegrast.

14

66.    On information and belief, the lifitegrast in Sun's ANDA Product is synthesized according to the steps recited in claim 1 of the '088 patent.

67.    In Sun's First Notice Letter, Sun did not contest the infringement of claim 1 of the '088 patent on any basis other than the alleged invalidity of that claim.

68.    On information and belief, Sun's submission of Sun's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product before the expiration of the '088 patent was an act of infringement of the '088 patent under 35 U.S.C. § 271(e)(2)(A).

69.    On information and belief, Sun will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sun's ANDA Product immediately and imminently upon approval of its ANDA.

70.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '088 patent, including, *inter alia*, claim 1 of the '088 patent.

71.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '088 patent, including, *inter alia,* claim 1 of the '088 patent.

72.    On information and belief, Sun plans and intends to, and will, actively induce infringement of the '088 patent when Sun's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Sun's activities will be done with knowledge of the '088 patent and specific intent to infringe that patent.

15

73.     On information and belief, Sun knows that Sun's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '088 patent, that Sun's ANDA Product is not a staple article or commodity of commerce, and that Sun's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Sun plans and intends to, and will, contribute to infringement of the '088 patent immediately and imminently upon approval of Sun's ANDA.

74.     Notwithstanding Sun's knowledge of the claims of the '088 patent, Sun has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sun's ANDA Product with its product labeling following FDA approval of Sun's ANDA prior to the expiration of the '088 patent.

75.     The foregoing actions by Sun constitute and/or will constitute infringement of the '088 patent; active inducement of infringement of the '088 patent; and contribution to the infringement by others of the '088 patent.

76.     Novartis will be substantially and irreparably damaged by infringement of the '088 patent.

77.     Unless Sun is enjoined from infringing the '088 patent and/or actively inducing infringement of the '088 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '088 PATENT

78.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

79.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the

16

one hand and Sun on the other regarding Sun's infringement, active inducement of infringement, and contribution to the infringement by others of the '088 patent.

80.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product with its proposed labeling, or any other Sun drug product that is covered by or whose use is covered by the '088 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '088 patent.

**COUNT V – INFRINGEMENT OF THE '141 PATENT**

81.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

82.    The '141 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit C), was duly and legally issued on February 13, 2018.

83.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '141 patent.

84.    The '141 patent claims, *inter alia,* a composition comprising an isolated compound of Formula I with the structure recited in claim 1 wherein said compound is synthesized according to a method comprising the steps recited in claim 1 of the '141 patent.

85.    XIIDRA® is covered by one or more claims of the '141 patent, including claim 1 of the '141 patent, and the '141 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

86.    In Sun's First Notice Letter, Sun notified Novartis of the submission of Sun's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Sun's ANDA Product prior to the expiration of the '141 patent.

17

87.     In Sun's First Notice Letter, Sun also notified Novartis that, as part of its ANDA, Sun had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '141 patent.  On information and belief, Sun submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '141 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product.

88.     On information and belief, Sun's ANDA Product and the use of Sun's ANDA Product are covered by at least claim 1 of the '141 patent.

89.     According to Sun Notice Letters, Sun's ANDA Product is an ophthalmic solution.

90.     According to Sun Notice Letters, Sun's ANDA Product contains lifitegrast.

91.     On information and belief, the lifitegrast in Sun's ANDA Product is synthesized according to the steps recited in claim 1 of the '141 patent.

92.     On information and belief, Sun's submission of Sun's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product before the expiration of the '141 patent was an act of infringement of the '141 patent under 35 U.S.C. § 271(e)(2)(A).

93.     On information and belief, Sun will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sun's ANDA Product immediately and imminently upon approval of its ANDA.

ME1 38264901v.1

94.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '141 patent, including, *inter alia*, claim 1 of the '141 patent.

95.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '141 patent, including, *inter alia,* claim 1 of the '141 patent.

96.     On information and belief, Sun plans and intends to, and will, actively induce infringement of the '141 patent when Sun's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Sun's activities will be done with knowledge of the '141 patent and specific intent to infringe that patent.

97.     On information and belief, Sun knows that Sun's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '141 patent, that Sun's ANDA Product is not a staple article or commodity of commerce, and that Sun's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Sun plans and intends to, and will, contribute to infringement of the '141 patent immediately and imminently upon approval of Sun's ANDA.

98.     Notwithstanding Sun's knowledge of the claims of the '141 patent, Sun has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sun's ANDA Product with its product labeling following FDA approval of Sun's ANDA prior to the expiration of the '141 patent.

19

99.    The foregoing actions by Sun constitute and/or will constitute infringement of the '141 patent; active inducement of infringement of the '141 patent; and contribution to the infringement by others of the '141 patent.

100.    Novartis will be substantially and irreparably damaged by infringement of the '141 patent.

101.    Unless Sun is enjoined from infringing the '141 patent and/or actively inducing infringement of the '141 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '141 PATENT

102.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

103.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Sun on the other regarding Sun's infringement, active inducement of infringement, and contribution to the infringement by others of the '141 patent.

104.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product with its proposed labeling, or any other Sun drug product that is covered by or whose use is covered by the '141 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '141 patent.

## COUNT VII – INFRINGEMENT OF THE '553 PATENT

105.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

106.    The '553 patent, entitled "LFA-1 Inhibitor and Methods of Preparation and Polymorph Thereof" (attached as Exhibit D), was duly and legally issued on July 21, 2015.

20

107.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '553 patent.

108.    The '553 patent claims, *inter alia,* a composition comprising a compound of Formula I with the structure recited in claim 16, wherein said compound is synthesized according to a method comprising the steps recited in claim 16 of the '553 patent.

109.    XIIDRA® is covered by one or more claims of the '553 patent, including claim 16 of the '553 patent, and the '553 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

110.    In Sun's First Notice Letter, Sun notified Novartis of the submission of Sun's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Sun's ANDA Product prior to the expiration of the '553 patent.

111.    In Sun's First Notice Letter, Sun also notified Novartis that, as part of its ANDA, Sun had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '553 patent.  On information and belief, Sun submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '553 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product.

112.    On information and belief, Sun's ANDA Product is covered by at least claim 16 of the '553 patent.

113.    According to Sun's Notice Letters, Sun's ANDA Product is an ophthalmic solution.

114.    According to Sun's Notice Letters, Sun's ANDA Product contains lifitegrast.

21

115.    On information and belief, the lifitegrast in Sun's ANDA Product is synthesized according to the steps recited in claim 16 of the '553 patent.

116.    On information and belief, Sun's submission of Sun's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product before the expiration of the '553 patent was an act of infringement of the '553 patent under 35 U.S.C. § 271(e)(2)(A).

117.    On information and belief, Sun will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sun's ANDA Product immediately and imminently upon approval of its ANDA.

118.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '553 patent, including, *inter alia*, claim 16 of the '553 patent.

119.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '553 patent, including, *inter alia,* claim 16 of the '553 patent.

120.    On information and belief, Sun plans and intends to, and will, actively induce infringement of the '553 patent when Sun's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Sun's activities will be done with knowledge of the '553 patent and specific intent to infringe that patent.

121.    On information and belief, Sun knows that Sun's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '553 patent, that Sun's ANDA

22

Product is not a staple article or commodity of commerce, and that Sun's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Sun plans and intends to, and will, contribute to infringement of the '553 patent immediately and imminently upon approval of Sun's ANDA.

122.    Notwithstanding Sun's knowledge of the claims of the '553 patent, Sun has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sun's ANDA Product with its product labeling following FDA approval of Sun's ANDA prior to the expiration of the '553 patent.

123.    The foregoing actions by Sun constitute and/or will constitute infringement of the '553 patent; active inducement of infringement of the '553 patent; and contribution to the infringement by others of the '553 patent.

124.    Novartis will be substantially and irreparably damaged by infringement of the '553 patent.

125.    Unless Sun is enjoined from infringing the '553 patent and/or actively inducing infringement of the '553 patent, Sun will suffer irreparable injury. Novartis has no adequate remedy at law.

## COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '553 PATENT

126.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

127.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Sun on the other regarding Sun's infringement, active inducement of infringement, and contribution to the infringement by others of the '553 patent.

23

128.   The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product with its proposed labeling, or any other Sun drug product that is covered by or whose use is covered by the '553 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '553 patent.

## COUNT IX – INFRINGEMENT OF THE '677 PATENT

129.   Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

130.   The '677 patent, entitled "LFA-1 Inhibitor Formulations" (attached as Exhibit E), was duly and legally issued on July 13, 2021.

131.   Novartis Pharmaceuticals Corporation is the owner and assignee of the '677 patent.

132.   The '677 patent claims, *inter alia,* a composition comprising a compound of Formula I with the structure recited in claim 13, and 0.2 to 0.4% antioxidant, the antioxidant being sodium thiosulfate, wherein the composition is an aqueous solution with the compound of Formula I dissolved therein, and wherein the composition is suitable for topical administration to the eye.

133.   XIIDRA® is covered by one or more claims of the '677 patent, including claim 13 of the '677 patent, and the '677 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

134.   In Sun's Second Notice Letter, Sun notified Novartis that, as part of its ANDA, Sun had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '677 patent.  On information and belief, Sun submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '677 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use,

24

offer for sale, sale, and/or importation of Sun's ANDA Product, and seeking approval from the FDA to market Sun's ANDA Product prior to the expiration of the '677 patent.

135. On information and belief, Sun's ANDA Product is covered by at least claim 13 of the '677 patent.

136. According to Sun's Notice Letters, Sun's ANDA Product is an ophthalmic solution.

137. According to Sun's Notice Letters, Sun's ANDA Product contains lifitegrast.

138. On information and belief, Sun's ANDA Product comprises lifitegrast and 0.2 to 0.4% antioxidant, the antioxidant being sodium thiosulfate.

139. Sun's ANDA Product is an aqueous solution with lifitegrast dissolved therein.

140. Sun's ANDA Product is suitable for topical administration to the eye.

141. In Sun's Second Notice Letter, Sun did not contest the infringement of claim 13 of the '677 patent on any basis other than the alleged invalidity of that claim.

142. On information and belief, Sun's submission of Sun's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sun's ANDA Product before the expiration of the '677 patent was an act of infringement of the '677 patent under 35 U.S.C. § 271(e)(2)(A).

143. On information and belief, Sun will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sun's ANDA Product immediately and imminently upon approval of its ANDA.

144. On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '677 patent, including, *inter alia*, claim 13 of the '677 patent.

25

145. On information and belief, the manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '677 patent, including, *inter alia,* claim 13 of the '677 patent.

146. On information and belief, Sun plans and intends to, and will, actively induce infringement of the '677 patent when Sun's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Sun's activities will be done with knowledge of the '677 patent and specific intent to infringe that patent.

147. On information and belief, Sun knows that Sun's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '677 patent, that Sun's ANDA Product is not a staple article or commodity of commerce, and that Sun's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Sun plans and intends to, and will, contribute to infringement of the '677 patent immediately and imminently upon approval of Sun's ANDA.

148. Notwithstanding Sun's knowledge of the claims of the '677 patent, Sun has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Sun's ANDA Product with its product labeling following FDA approval of Sun's ANDA prior to the expiration of the '677 patent.

149. The foregoing actions by Sun constitute and/or will constitute infringement of the '677 patent; active inducement of infringement of the '677 patent; and contribution to the infringement by others of the '677 patent.

26

150.     Novartis will be substantially and irreparably damaged by infringement of the '677 patent.

151.     Unless Sun is enjoined from infringing the '677 patent and/or actively inducing infringement of the '677 patent, Sun will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT X – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '677 PATENT

152.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

153.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Sun on the other regarding Sun's infringement, active inducement of infringement, and contribution to the infringement by others of the '677 patent.

154.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Sun's ANDA Product with its proposed labeling, or any other Sun drug product that is covered by or whose use is covered by the '677 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '677 patent.

## PRAYER FOR RELIEF

WHEREFORE, Novartis requests the following relief:

a)     A judgment that each of the Patents-in-Suit has been infringed under 35 U.S.C. § 271(e)(2) by Sun's submission to the FDA of Sun's ANDA;

b)     A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Sun's ANDA Product, or any other drug product that infringes or the use of which infringes one or more of the Patents-in-Suit, be not earlier than the latest of the

27

expiration dates of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

c) A preliminary and permanent injunction enjoining Sun, and all persons acting in concert with Sun, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Product, or any other drug product covered by or whose use is covered by one or more of the Patents-in-Suit, prior to the expiration of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

d) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Sun's ANDA Product, or any other drug product which is covered by or whose use is covered by one-or-more of the Patents-in-Suit, prior to the expiration of said patents, will infringe, induce the infringement of, and contribute to the infringement by others of, said patents;

e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

f) Costs and expenses in this action; and

g) Such further and other relief as this Court may deem just and proper.

ME1 38264901v.1

Dated: November 23, 2021

OF COUNSEL:

Bruce R. Genderson
Jessamyn S. Berniker
Dov P. Grossman
Christopher J. Mandernach
Tian Huang
Kevin D. Hoagland-Hanson
Michael X. Liu
Sarahi M. Uribe
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
dgrossman@wc.com
cmandernach@wc.com
thuang@wc.com
khoagland-hanson@wc.com
mliu@wc.com
suribe@wc.com

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
T: (302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis*
*Pharmaceuticals Corporation*

29